**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DARRELL J. STRINGER,**

                          **Plaintiff,**

                                                              **Civil No. 6:02-CV-0443**
                    **v.**                                    **(GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                          **Defendant.**
_____

**APPEARANCES:**              **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Legal Services of Central        CHRISTOPHER CADIN, ESQ.
New York - Syracuse
472 South Salina Street
Syracuse, New York 13202

Office of Edward A. Rantanen     KATHLEEN M. SPANN, ESQ.
2638 Main Street
P.O. Box 309
Whitney Point, New York 13862

**FOR THE DEFENDANT:**

HON. GLENN T. SUDDABY          WILLIAM H. PEASE
United States Attorney          Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I.  Introduction

On March 22, 2002, Darrell J. Stringer (Stringer) challenged the denial of disability benefits by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  Having reviewed the administrative record, the court affirms the Commissioner's decision because it was based on substantial evidence.

### II.  Procedural History

After Stringer filed for disability benefits[1] in March 1999, his application was denied, and a hearing was conducted by Administrative Law Judge (ALJ) Richard J. Shay.  On May 11, 2001, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

### III.  Contentions

Stringer contends that the Commissioner's decision is not supported by substantial evidence.  More specifically, he claims that the ALJ: (1) disregarded the opinion of his treating physician; (2) failed to support his

---

[1]Stringer met the Social Security Act insured status requirements in March 1999, and he continued to meet them at all relevant times.  (Tr. 16).  "(Tr. )" refers to the page of the Administrative Transcript in this case.

RFC determination with objective evidence; and (3) mischaracterized his daily activities.  The Commissioner counters that substantial evidence supports the ALJ's disability decision.

### IV. Facts

The evidence in this case is undisputed, and the court incorporates the parties' factual recitations.  *See Pl.'s Br., pp. 4-10, Dkt. No. 9; Def.'s Br., p. 2, Dkt. No. 12.*

### V. Discussion

### A. Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision.  *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is subject to judicial review.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition, an ALJ must

3

set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that

4

of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

## B.  Five-Step Disability Determination

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security

Income (SSI) benefits.  To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...."  42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[2] The Commissioner uses a five-step process to evaluate SSDI and SSI claims.  20 C.F.R. §§ 404.1520, 416.920.[3]  Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful

---

[2]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent him from engaging in any kind of substantial gainful work which exists in the national economy.

[3] The court notes that revised versions of these sections came into effect in September 2003.  *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003).  In the revised versions, paragraph (e) clarifies the application of the RFC determination.  New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively.  These revisions do not affect the Five-Step Disability Determination sequence.  The revised versions have no effect on the outcome of this case.  For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

6

activity (SGA).  20 C.F.R. §§ 404.1520(b), 416.920(b).  If a claimant is engaged in SGA, he will not be considered disabled.  If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of his past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Five, the ALJ determines whether the claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that he cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir.

7

1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must

consider the claimant's RFC, age, education, past work experience, and

transferability of skills, to determine if the claimant can perform other work

existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920( f);

*see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

Here, the ALJ found that Stringer satisfied Step One because he had

not worked since October 1996, the date of his application for benefits.  In

Step Two, the ALJ determined that he suffered from the following medical

impairments: sleep apnea, angina, hypertension, obesity, and a history of

alcohol abuse.  In Step Three, the ALJ determined that Stringer's

impairments, while severe, failed to equal an impairment or combination of

impairments listed in, or medically equal to, one listed in Appendix 1,

Subpart P, Regulations No. 4.  In Step Four, the ALJ determined that

Stringer was capable of performing his past relevant work as a taxi cab

driver.  In Step Five, the ALJ determined that Stringer possessed the RFC

for medium work.[4]  Consequently, he found Stringer not disabled and

denied benefits.

_____

[4]Medium work requires an ability to lift "no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work."  20 C.F.R. §§ 404.1567(c), 416.967(c).

## C. <u>Treating Physician Rule</u>

Stringer argues that the ALJ's determination that he had the RFC for medium work is contrary to the medical record.  He maintains that the opinion of his treating physician, Dr. Bhard-waj, should have been given controlling weight.  He asserts that the ALJ instead accepted the opinions of non-examining consultants without giving reasons for discrediting Stringer's treating sources.

Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).  An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion.  The factors are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a

9

whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'"  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted).  "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions."  *Id.*  Thus, a treating physician's disability assessment is not determinative.  *Id.*  Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of the evidence.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Stringer's contention that the ALJ improperly relied on the opinions of non-examining consultants instead of his treating physician, Dr. Bhard-waj, is without merit.  As mentioned, the final determination of disability is reserved for the Commissioner.  The opinion of Stringer's treating physician was not binding on the ALJ.  In addition, Dr. Bhard-waj's October 1999 conclusion that Stringer was incapacitated and his February 2001

10

doctor's note stating that Stringer was advised not to "stand [or] walk more than 4 hours" in an 8 hour workday were unsupported by any citation to clinical or laboratory findings.  The ALJ properly afforded less weight to Dr. Bhard-waj's opinions because they lacked clinical or laboratory support and because they were inconsistent with the other objective medical evidence in the record.

Stringer also contends that the two reviewing physicians failed to consider his heart condition, post myocardial infarction, in making their RFC assessments.  This contention is without merit.  Drs. Finley and Gajwani assessed Stringer's RFC at medium work.  They considered his health conditions including sleep apnea, hypertension, chest pain and decreased hearing in addition to all the medical reports in the record.  (Tr. 196).  They also considered statements provided by Stringer's treating physicians before making their assessments.  (Tr. 201).

Moreover, Dr. Simpkins, a consulting examiner, concluded that Stringer displayed full range of motion, normal gait, and strength in all extremities and throughout the spine.  (Tr. 186).  She did note that Stringer was "severely restricted for lifting, carrying, and walking," but she did not elaborate as to whether he could engage in substantial gainful activity.  (Tr.

11

187).  In that same report, Dr. Simpkins noted that Stringer's asthma, hypertension, and angina were "stable" and that he presented no sensory defect.  *Id.*  Accordingly, the ALJ's disability decision was consistent with the medical evidence in the record.

Stringer also contends that the ALJ should have given more weight to the opinion of his physical therapist, Todd Mansfield.  A treating opinion must be a *medical* opinion under 20 C.F.R. §§ 404.1527(d), 416.927(d).  The regulations provide that "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s)...."  20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (emphasis added).  Sections 404.1513(a) and 416.913(a) list five categories of "acceptable medical sources," none of which mentions physical therapists.  Therefore, the ALJ properly weighed the opinion of Stringer's physical therapist.  Given the inconsistencies of Stringer's treating physicians and the opinions of Drs. Finley, Gajwani, and Simpkins, the ALJ's decision was based on substantial evidence.

**D.  Daily Activities**

Stringer contends that the ALJ mischaracterized his daily activities.

12

Stringer stated in April 1999 that he shopped and was able to do his own cooking.  (Tr. 110).  He stated that he vacuumed, washed dishes, cleaned his own room, and sometimes did household chores five days a week.  *Id.* Stringer also claimed that he went fishing in the summer and visited with friends and relatives.  *Id.*

Further, Stringer claimed that he felt he could no longer drive a taxi cab due to sleep apnea, but the medical record fails to support the disabling effect of this impairment.  (Tr. 44, 56).  A sleep study conducted in September 1998 by Dr. Phillips revealed that Stringer was not receiving full efficiency from his sleep.[5]  (Tr. 132).  However, the study was conducted only three months after Dr. Phillips's suggested course of treatment began.  (Tr. 133).  Dr. Phillips recommended that Stringer use a CPAP, a breathing machine, which prevented abnormal breathing events during sleep.  However, Stringer stopped attending his scheduled appointments before Dr. Phillips could make adjustments to the newly-prescribed treatment.  *Id.*  Stringer missed an appointment in November 1998 and revisited the doctor in March 1999 only to report nonuse of the

---

[5]In June, Dr. Phillips noted in Stringer's medical record that it was "ok [for him] to look for work."  (Tr. 132).

13

CPAP machine.  *Id.*

"A claimant is not required to be in a vegetative state before being deemed disabled for purposes of receiving benefits."  *Doyle v. Apfel*, 105 F. Supp 2d 115, 120 (E.D.N.Y. 2000).  However, considering his daily activities, his testimony, and his nonconformance with the prescribed treatment for sleep apnea, the ALJ's determination was supported by substantial evidence.  Accordingly, the ALJ's decision was not contrary to the law, and his decision was based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that the decision denying benefits is AFFIRMED; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

November 16, 2005
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge

14